UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW HIPPS, *et al.*,

　　　　　　Plaintiffs,

　　v.

VIRGINIA MASON MEDICAL CENTER, *et al.*,

　　　　　　Defendants.

Case No. C14-1198RSL

ORDER GRANTING PLAINTIFFS' MOTIONS TO AMEND AND VOLUNTARILY DISMISS

## I. INTRODUCTION

This matter comes before the Court on "Plaintiffs' Motion To Amend Complaint And Remand," Dkt. # 11, and "Defendants' Motion To Dismiss Pursuant To F.R.C.P. 12(b)(1)," Dkt. # 13. Having reviewed the memoranda,[1] declarations, and exhibits submitted by the parties, and the arguments presented at the December 17, 2014 hearing on these motions, the Court finds as follows:

---

[1] On September 26, 2014, the same day that defendants filed a joint reply in support of their motion to dismiss, Dkt. # 24, defendants filed a praecipe replacing this reply with two separate replies, Dkt. ## 25 (Praecipe); 25-1 (Virginia Mason Reply MTD); 25-2 (United States Reply MTD). The Court considered the latter replies filed with the praecipe.

ORDER GRANTING PLAINTIFFS' MOTIONS
TO AMEND AND VOLUNTARILY DISMISS - 1

## II.  BACKGROUND

On February 11, 2013, plaintiff Matthew Hipps was allegedly injured during a urological surgical procedure performed at Virginia Mason Medical Center by Dr. Chong Choe, Dkt. # 4 at 3 (Compl. ¶¶ 3.4, 7-3.8), who at the time was employed by the United States Navy, Dkt. # 2 at 3 (Certification), and was working at Virginia Mason as part of a fellowship program, Dkt. # 16-1 at 6 (Mem. Of Understanding).  Plaintiffs claim that Mr. Hipps had only consented to a different doctor performing the operation in question and that Mrs. Hipps had confirmed verbally that Dr. Choe would not be performing the operation.  Dkt. # 4 at 3 (Compl. ¶¶ 3.5-3.6).  Plaintiffs brought suit against Virginia Mason and Dr. Choe in King County Superior Court on July 18, 2014, accusing both of "medical negligence" and Dr. Choe of "medical battery."  Dkt. # 4 at 9-10 (Compl. ¶¶ 4.1-5.2).  Invoking 28 U.S.C. § 2679(d)(1), (2) and 28 C.F.R. § 15.3(a), the United States removed the case to this Court and substituted itself for Dr. Choe as a defendant, on the grounds that Dr. Choe was employed by the Navy and was acting within the scope of his employment when he performed surgery on Mr. Hipps.  Dkt. ## 1 at 1-4 (Notice of Removal); 2 (Notice of Substitution and Certification); 6 (Order Reforming Caption).  At the time that they filed their Complaint, plaintiffs had no idea that Dr. Choe was a Navy doctor.  Dkt. # 11 at 1.

On August 28, 2014, plaintiffs moved to amend the Complaint in order to drop Dr. Choe (and thus the United States) as a defendant and to modify their allegations against Virginia Mason; plaintiffs' motion further sought to have the case remanded to state court.  Dkt. # 11. Plaintiffs sought to drop the United States from the action in recognition of the fact that they had not exhausted their administrative remedies as to this defendant under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671 et seq. ("FTCA").  Dkt. # 11 at 5.  Nevertheless, plaintiffs argued that their claims against Virginia Mason remained viable and properly belonged in state court.  Id. at 4-5.  In the alternative, if the Court declined to remand, plaintiffs requested that this case be voluntarily dismissed without prejudice under Fed. R. Civ. P. 41(a)(2), so that plaintiffs could refile their action in state court.  Id. at 6.

ORDER GRANTING PLAINTIFFS' MOTIONS
TO AMEND AND VOLUNTARILY DISMISS - 2

On September 4, 2014, defendants moved to dismiss under Fed. R. Civ. P. 12(b)(1).  Dkt. # 13.  Defendants argued that this Court lacked subject matter jurisdiction over plaintiffs' action against the United States due to plaintiffs' failure to exhaust their administrative remedies under the FTCA, id. at 4-7, and further argued that plaintiffs' action against Virginia Mason failed because its liability was solely based on the actions of Dr. Choe (who was immune from suit and had been replaced by another immune party), id. at 8.

### III.  APPLICABLE STATUTES

Absent a Congressional waiver of sovereign immunity, a claim against the United States must be dismissed for lack of subject matter jurisdiction.  See Jachetta v. United States, 653 F.3d 898, 903 (9th Cir. 2011) (citations omitted).  The FTCA creates a limited waiver of sovereign immunity under which the United States may be found liable for torts committed by its employees while acting within the scope of their federal employment.  28 U.S.C. §§ 1346(b), 2674; Nurse v. United States, 226 F.3d 996, 1000 (9th Cir. 2000).  To bring suit against the United States in federal court under the FTCA, a plaintiff must first exhaust his administrative remedies, presenting his claim in writing to the appropriate federal agency within two years of the accrual of his claim.  28 U.S.C. §§ 2401(b), 2675(a).  Where a plaintiff has failed to exhaust his administrative remedies pursuant to 28 U.S.C. § 2675(a) prior to bringing an action in federal court falling under the FTCA, his action will be dismissed for lack of subject matter jurisdiction. Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000).

Under the Medical Malpractice Immunity Act, or the "Gonzalez Act," 10 U.S.C. § 1089, "a suit against the United States under the FTCA is the exclusive remedy for torts committed by military medical personnel acting within the scope of their government employment."  Ward v. Gordon, 999 F.2d 1399, 1041 (9th Cir. 1993) (interpreting 10 U.S.C. § 1089(a)).  The Act "does not create rights in favor of malpractice claimants; rather, it serves solely to protect military medical personnel from malpractice liability."  Id. at 1041-42.

ORDER GRANTING PLAINTIFFS' MOTIONS
TO AMEND AND VOLUNTARILY DISMISS - 3

Under the Federal Employees Liability Reform and Tort Compensation Act, or the "Westfall Act," 28 U.S.C. § 2679, the United States may remove a state court action against a government employee to federal court and substitute itself for the employee as the defendant, upon the certification of the Attorney General or his designee that the employee was acting within the scope of his employment at the time of the allegedly tortious act. 28 U.S.C. § 2679(d)(2); 28 C.F.R. § 15.3 (certification by designee is sufficient); Osborn v. Haley, 549 U.S. 225, 229-30 (2007). After removal and substitution, the suit becomes an action against the United States under the FTCA. 28 U.S.C. § 2679(d)(2); Osborn, 549 U.S. at 230. The Westfall Act thus accords federal employees "absolute immunity" from common-law tort claims arising out of acts that they undertook in the course of their official duties. Osborn, 549 U.S. at 229.

## IV.  DISCUSSION

### A. Motion to Amend Complaint and Remand

Plaintiffs seek to amend the Complaint (to drop Dr. Choe and therefore the United States as a defendant and to modify their allegations against Virginia Mason) and to then have the case remanded. Dkt. # 11. Fed. R. Civ. P. 15(a) allows a party to amend its pleading once as a matter of course within 21 days after service of a responsive pleading. Defendants do not oppose the proposed amendments to the Complaint, Dkt. ## 15 at 6 (Virginia Mason Resp. Amend); 17 at 1 (United States Resp. Amend); however, Virginia Mason argues that this action still may not be remanded, Dkt. # 15 at 6-22. The Court grants the unopposed motion to amend,[2] but declines to remand plaintiffs' action against Virginia Mason.

---

[2] Ninth Circuit precedent indicates that this Court would have to dismiss the original Complaint without considering plaintiffs' motion to amend if the Court lacked subject matter jurisdiction over entire case as it was filed. See Morongo Band of Mission Indians v. Cal. State Bd. Of Equalization, 858 F.2d 1376, 1380-81 (9th Cir. 1988) (because district court lacked subject matter jurisdiction over the case presented by the original complaint, it was obliged to dismiss the case, and its order granting plaintiff leave to amend the Complaint was a nullity). However, the original Complaint sufficiently alleged that Virginia Mason was vicariously liable for Dr. Choe's negligence, Dkt. # 1 at 9 (Compl. ¶¶ 4.1-4.3) ("The defendants and/or their respective employees or agents were negligent[.]"); and as explained infra, the Court does not lack subject matter jurisdiction over this claim.

ORDER GRANTING PLAINTIFFS' MOTIONS
TO AMEND AND VOLUNTARILY DISMISS - 4

Plaintiffs do not dispute that there were grounds for removing the case under the Westfall Act, nor do they challenge the validity of the certification provided by the United States. Dkt. # 2 at 3. Furthermore, even setting-aside the general rule that a plaintiff may not compel remand of a removed case by amending the complaint, see Williams v. Costco Wholesale Corp., 471 F.3d 975, 977 (9th Cir. 2006) (citing Sparta Surgical Corp. v. National Ass'n of Sec. Dealers, Inc. 159 F.3d 1209, 1213 (9th Cir. 1998)), there is compelling authority for declining to remand this case given that it was removed under the Westfall Act.

In Osborn, 549 U.S. at 241, the Supreme Court held that a district court could not remand a case that was removed under the Westfall Act even if the Attorney General's certification as to the replaced defendant was later found to be unwarranted. In Dayton v. Alaska, 2014 WL 4242963, at *1 (9th Cir. Aug. 28, 2014), the Ninth Circuit broadly interpreted Osborn to prohibit remand in cases removed under the Westfall Act even where the United States had been dismissed as a party; the court reasoned that remanding such a case would circumvent the Supreme Court's objective of preventing the "needless shuttling" of cases from one court to another, id. (quoting Osborn, 549 U.S. at 242).[3] Although Dayton is not precedent, this Court finds that it reflects the direction of this Circuit and adopts its holding. The Court will not remand this case. However, the Court notes that Dayton and Osborn did not address district courts' authority to grant plaintiffs' motions for voluntary dismissal, which the Ninth Circuit permits even where the dismissed case may be refiled in state court. See Smith v. Lenches, 263 F.3d 972, 976 (9th Cir. 2001).

**B. Motions To Dismiss**

Plaintiffs have requested that this case be voluntarily dismissed without prejudice under Rule 41(a)(2) if the Court will not remand it, so that it may be refiled in state court. Dkt. # 11 at

---

[3] Although it is not entirely clear from the Ninth Circuit's opinion, the lower court had remanded the case due to the dismissal of the United States and plaintiff's federal claims. Dayton v. Alaska, 2013 WL 3712408, at *2, 4 (D. Alaska July 12, 2013), rev'd, 2014 WL 4242963 (9th Cir. Aug. 28, 2014).

ORDER GRANTING PLAINTIFFS' MOTIONS
TO AMEND AND VOLUNTARILY DISMISS - 5

6. Defendants seek dismissal for lack of subject matter jurisdiction under Rule 12(b)(1).[4] Dkt. # 13 at 1. The question arises which motion to dismiss takes priority. Other courts have persuasively reasoned, and this Court concurs, that a district court may not grant a motion to voluntarily dismiss a case over which it lacks subject matter jurisdiction. Mission Essential Pers., LLC v. United States, 104 Fed. Cl. 170, 176-77 (2012) (collecting cases). Thus, the Court must first determine whether defendants' challenge to its subject matter jurisdiction applies to plaintiffs' claims against Virginia Mason.

      Virginia Mason contends that the only claims that plaintiffs have brought against it are based on a theory of vicarious liability, and argues that plaintiffs may not recover under this theory because it is governed by the FTCA (which plaintiffs have not satisfied) and because the agent at issue (either Dr. Choe or the United States) is protected by sovereign immunity. Dkt. # 13 at 8; Dkt. # 15 at 2; Dkt. # 25-1 at 6. Virginia Mason argues that plaintiffs may not sue over its vicarious liability without first complying with the FTCA because this Act provides the only avenue to bring any action based on the medical malpractice of federal employees like Dr. Choe. See Dkt. # 15 at 2, 7-8. Virginia Mason further argues that permitting this action would allow parties to "indirectly" litigate claims against the United States outside of the process envisioned by the FTCA and thereby expose the United States to liability (in subsequent actions for indemnification or contribution by principals such as Virginia Mason), contrary to Congressional intent.[5] Dkt. # 15 at 2, 9-10, 20; Dkt. # 25-1 at 12. Notably, while plaintiffs insist that the amended Complaint allows Virginia Mason to be found liable under three different legal theories, Dkt. # 21 at 5-11 (Pl. Resp. MTD), one of them is "apparent agency" theory (the theory

---

[4] Dismissal for lack of subject matter jurisdiction would be without prejudice to plaintiffs refiling after exhausting their administrative remedies. E.g., Murphy v. United States Postal Serv., 2014 WL 4437731, at *4 (N.D. Cal. Sept. 9, 2014).

[5] Virginia Mason's Memorandum of Understanding with the United States obliges the former to obtain professional malpractice insurance. Dkt. # 16-1 at 12. However, Virginia Mason notes that a verdict against it in excess of that insurance could invite an indemnification or contribution action against the United States for the excess amount. Dkt. # 15 at 10.

ORDER GRANTING PLAINTIFFS' MOTIONS
TO AMEND AND VOLUNTARILY DISMISS - 6

that Virginia Mason "held out" Dr. Choe as its agent), which can be a basis for finding a defendant vicariously liable for the actions of its apparent agent. Mohr v. Grantham, 172 Wn.2d 844, 861 (2011). Virginia Mason argues that plaintiffs' alternative theories fail as a matter of law and were improperly pled. Dkt. # 25-1 at 7-11.

The Court finds that plaintiffs' failure to exhaust their administrative remedies does not deprive the Court of subject matter jurisdiction over their claims against Virginia Mason, even to the extent that their underlying theory is vicarious liability; thus, the Court may consider plaintiffs' motion for voluntary dismissal. The exhaustion requirement of 28 U.S.C. § 2675 is a precondition for bringing an action "against the United States." Having reviewed the FTCA, the Gonzalez Act, the Westfall Act, and cases interpreting these statutes, the Court sees no indication that an action against a non-federal defendant may be subject to this requirement even where this action is premised on the medical malpractice of a military physician. Instead, these Acts only clearly contemplate the immunity of federal parties, and therefore only affect the Court's jurisdiction over actions against such parties. See, e.g., Ward, 999 F.2d at 1402 (noting that the purpose of the Gonzalez Act was to protect "military medical personnel" from liability). The Court notes that, during oral argument, defendants did not dispute that the Court had the authority to grant plaintiffs' motion to voluntarily dismiss this action.[6]

Rather than raising the question of whether this Court has jurisdiction over plaintiffs' claims against Virginia Mason, defendants' arguments raise a question on the merits, namely

---

[6] Virginia Mason additionally argues that it is entitled to the FTCA's protections and is shielded from this litigation under the doctrine of "derivative sovereign immunity," under which an independent government contractor may enjoy sovereign immunity when it commits torts while complying with the terms of its contract with the government. Dkt. # 15 at 19-20. See Myers v. United States, 323 F.2d 580, 583 (9th Cir. 1963) (citing Yearsley v. Ross Construction Co., 309 U.S. 18 (1940)). However, even if this defense could deprive the Court of subject matter jurisdiction, it fails to apply here because defendants have not shown that the harm alleged resulted from Virginia Mason following the government's specific instructions regarding how it should manage Dr. Choe. See Cabalce v. VSE Corp., 922 F. Supp. 2d 1113, 1126-27 (D. Haw. 2013) (finding the defense did not apply where the alleged injuries resulted from an independent contractor's decision to perform a task in an unsafe manner and the government did not specify the manner in which that task was to be performed).

ORDER GRANTING PLAINTIFFS' MOTIONS
TO AMEND AND VOLUNTARILY DISMISS - 7

whether the immunity of either Dr. Choe or the United States shields Virginia Mason from being found vicariously liable for Dr. Choe's actions under Washington state law.  The Court need not reach this question, nor must the Court reach whether plaintiffs' other theories of liability were properly pled or fail as a matter of law.  Instead, the Court finds granting voluntary dismissal proper.  A district court should grant a motion for voluntary dismissal unless the defendant can show that it will suffer "some plain legal prejudice" as a result.  Smith, 263 F.3d at 975 (9th Cir. 2001).  The Court finds no such prejudice, here.  Legal prejudice does not result merely because a defendant will be inconvenienced by potentially having to defend an action in a different forum or because a dispute will remain unresolved.  Id. at 976.  The only loss to Virginia Mason is that it will not receive a ruling from this Court on whether plaintiffs' claims fail under state law or were improperly pled.  The Court finds it unnecessary to make such a ruling now, given that plaintiffs seek to withdraw their Complaint to refile it in state court, where it may take yet another form and would be subject to a different pleading standard.  See McCurry v. Chevy Chase Bank, FSB, 169 Wn.2d 96, 102 (2010) (declining to incorporate federal standards into Washington pleading rules).

### C.  Removal After Refiling

During the December 17, 2014 oral argument on the instant motions, defendants argued that should this Court permit plaintiffs to voluntarily dismiss their action against Virginia Mason and refile it in state court, defendants would inevitably remove the action again.  Defendants emphasized that Dr. Choe's conduct "permeates" this lawsuit, and that his alleged malpractice is so integral to plaintiffs' theory of the case that at some point in a subsequent action removal would become proper.  Plaintiffs in turn urged the Court to rule on whether their refiled case could again be removed.

This Court will not issue advisory opinions.  See Thomas v. Anchorage Equal Rights Com'n, 220 F.3d 1134, 1138 (9th Cir. 1999) ("Our role is neither to issue advisory opinions nor declare rights in hypothetical cases, but to adjudicate live cases or controversies[.]").  Given that

ORDER GRANTING PLAINTIFFS' MOTIONS
TO AMEND AND VOLUNTARILY DISMISS - 8

the Court will dismiss plaintiffs' action, which at this point does not involve federal parties and only involves state law claims, the issue of what will happen after a new (and possibly very different) complaint is filed is not before the Court. That said, if plaintiffs again bring an action in state court against Virginia Mason relating to Mr. Hipps' February 2013 surgery, and this action is again removed, the removed action should be heard by the undersigned. The parties are directed to notify the District Judge to whom the removed case is assigned that the case may be transferred to the undersigned.

## V.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiffs' motion to amend, DENIES plaintiffs' motion to remand, and GRANTS plaintiffs' motion to voluntarily dismiss this action without prejudice. Dkt. # 11. Defendants' motion to dismiss is DENIED as moot. Dkt. # 13. As the Court is dismissing this case, plaintiffs' "Motion To Vacate Deadline To Join Additional Parties" is also DENIED as moot. Dkt. # 32.

DATED this 22nd day of December, 2014.

_____
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFFS' MOTIONS
TO AMEND AND VOLUNTARILY DISMISS - 9